IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Aaron Washington,<br><br>    Petitioner,<br><br>vs.<br><br>Joe Driver,<br><br>    Respondent. | Case No. 1:11-cv-00016-TMB<br><br>ORDER DIRECTING<br>SERVICE and RESPONSE |

On December 5, 2011, Aaron Washington, a self-represented state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Mr. Washington alleges that his conviction and sentence in the Superior Court for the State of Alaska in Superior Court case number 1JU-08-0365CR was unconstitutionally secured,[1] and that each ground on which the petition is based has been fully exhausted in the state courts as required by § 2254(b).

Therefore, under Rules 4, 5 and 8(b) of the Rules Governing § 2254 Proceedings in the United States District Court, **IT IS HEREBY ORDERED**:

1. By agreement between the Court and the Office of Special Prosecutions and Appeals, the Office of Special Prosecutions and Appeals will accept

---

[1] *See Woods v. Carey*, 525 F.3d 886, 898-90 (9th Cir. 2008) (liberally construing pro se petition).

SERVICE & RESPONSE

service on behalf of Respondent.[2] The Clerk of Court is directed to serve a copy of the petition, at docket number 1, and this order, on:

> Douglas Kossler
> Office of Special Prosecutions and Appeals
> 310 K Street, Suite 308
> Anchorage, Alaska 99501

2. Mr. Washington's application for appointment of counsel, at docket number 2, is GRANTED. Under the Criminal Justice Act,[3] the Federal Public Defender for the District of Alaska shall designate counsel from the CJA Panel or the Federal Public Defender's office to represent Mr. Washington in this case. Once designated, appointed counsel will immediately file a notice of appearance.

3. Counsel for Mr. Washington shall then review the record, confer with him, and file any amended § 2254 petition, on or before **January 30, 2012**. In the alternative (and only if Petitioner has stated viable grounds for relief, and full exhaustion of all grounds for relief has been confirmed), counsel may file a notice that no amended petition will be filed.

4. Respondent shall have thirty (30) days from the date of service of an amended petition filed by counsel, or a notice filed by counsel stating that no amended petition will be filed, to file an answer or otherwise respond.

---

[2] Waiving Federal Habeas Corpus Rule 4 (§ 2254 cases), regarding service on the respondent.

[3] *See* 18 U.S.C. § 3006A.

Respondent shall state whether he disputes any claim that Mr. Washington has exhausted his available state court remedies on the grounds alleged in the petition. If exhaustion is contested, Respondent shall present a memorandum of law supporting that position. If exhaustion is not contested, he shall respond to the merits of the petition. Where appropriate, Respondent shall file with the court: (a) certified copies of all pertinent findings and orders of Alaska State Court proceedings or decisions which have challenged the legality of Petitioner's confinement; (b) the transcript of those proceedings where necessary to fully reflect issues passed upon and the nature and extent of the hearings afforded Petitioner; and (c) Alaska Court of Appeals or Alaska Supreme Court decisions, and citations to published opinions, passing upon the same.

5. Litigants are expected to develop the factual record in state court and resolve all disputed issues of material fact there.[4] In the typical § 2254 case, proceedings in this court will be decided on the record from state

---

[4] Mr. Washington is warned that "[t]he Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson,* 562 U.S. ___, ___ (2011) *(per curiam)* (slip op., at 4) (internal quotation marks omitted)." *Hardy v. Cross*, ___U.S. ___, 2011 WL 614312 at *1 (Dec. 12, 2011).

court.[5] In order to obtain an evidentiary hearing in federal court a party must comply with 28 U.S.C. sec. 2254(e)(2). The court may hold an evidentiary hearing on its own motion, or on the motion of a party. Either party may make a motion for an evidentiary hearing within 30 days after the date Respondent files an answer. The motion must contain a clear and concise statement of (a) the necessity of the hearing, including why the evidence in the record is not sufficient; **and** (b) why the state court hearing (if any) was not fair or adequate.[6]

6. This case is referred to Magistrate Judge Longenbaugh to hear and decide all procedural or discovery motions and other pre-trial matters, and to give the court a report and recommendation, under Local Magistrate Rule 4(3).

7. No party shall have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a district court judge or magistrate judge of this court about the merits of this action.

DATED this 29th day of December, 2011, at Anchorage, Alaska.

/s/ TIMOTHY M. BURGESS
United States District Judge

---

[5] *See Cullen v. Pinholster*, 131 S.C.t. 1388 (2011); *Stokley v. Ryan*, 659 F.3d 802, 807-08 (9th Cir. 2011).

[6] *See* D. Ak. HCR 8.1.