Diane L. Wendlandt
Assistant Attorney General
Office of Special Prosecutions and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: diane.wendlandt@alaska.gov

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| AARON WASHINGTON,<br><br>   Petitioner,<br><br>  vs.<br><br>JOE DRIVER,<br><br>   Respondent. | Case No. 1:11-cv-0016-TMB<br><br>RESPONSE TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS |

   Aaron Washington has filed an amended petition for writ of habeas corpus challenging his state-court convictions for multiple drug offenses, including a conviction under the state's continuing-criminal-enterprise ("CCE") statute. *See Brief in Support of Amended 28 U.S.C. § 2254 Petition* (Document 10). This is the respondent's response to the amended petition, as directed by this court. *See Order Directing Service and Response* (Document 4).

<u>Factual Background</u>

Aaron Washington moved to Juneau from New York City in 2006, ostensibly for the purpose of setting up a clothing business. [Tr. 312 (A complete copy of the trial transcript is attached hereto as Exhibit A. Respondent will refer to it by transcript page number.)] *See also Defendant Aaron Washington's Sentencing Memorandum*, attached as Exhibit B, at 1, 3. In Juneau, he renewed his friendship with Vonnie Williams, a man he had known in college some years before. *See Exhibit B*, at 3. Williams was a cocaine dealer with a network of people who sold and transported cocaine for him. [Tr. 109-21, 125-26, 142, 149-50, 188-200, 264-65, 268-70, 341-58, 570-89, 640-65, 708-22, 772-93, 884-95]

After Washington arrived in Juneau, the amount of cocaine flowing into Juneau increased noticeably. [Tr. 202-03, 312, 314] Using his drug connections outside of Alaska, Washington became the wholesale supplier of cocaine for Williams' retail operation. [Tr. 634, 1034-37, 1163] Washington (either directly or through a person acting at his direction) arranged for a series of women—including Tanya Brown Williams, Janelle Nelson, Geralyn (Sue) Dougherty, Laura Johnson, and Harriet Hotch—to act as drug couriers. [Tr. 234-52, 359-62, 443-48, 783-93, 809-14, 879-95, 967-1005] Over the course of a year and a half, these women transported nearly 6,700 grams of cocaine with a street-value of nearly $670,000 into Juneau from outside Alaska. *See Power Point*

*Aaron Washington v. Joe Driver*, No. 1:11-cv-0016-TMB
Page 2

*Presentation at Sentencing*, attached as Exhibit C. According to the women, Washington (either directly or through Tanya Brown Williams, acting at his direction) arranged for and financed these trips. [Tr. 204-05, 235-46, 285-86, 359-61, 419-20, 502, 504-06, 559-60, 783-86, 788-90, 807-08, 811-12, 870-71, 884-86, 892, 918, 1159-60]

In February 2008, Tanya Brown Williams informed state law enforcement officers of Washington's activities. [Tr. 82-83, 324-25, 1133-35] Washington was arrested and charged with 18 counts of aiding and abetting third-degree misconduct involving a controlled substance ("MICS"), based on his assisting the women who acted as his drug couriers. *See* AS 11.71.030(a)(1); AS 11.16.110(2)(B). *See Indictment*, attached as Exhibit D, at 8-13. He was also charged with one count of first-degree MICS, based on his actions in organizing, supervising, and managing at least five persons in a continuing criminal enterprise. *See* AS 11.71.010(a)(3). *See Exhibit D*, at 14.

Williams was charged with similar offenses, and the two men were tried together. [Tr. 2-1604] After a two-and-a-half week trial held before Alaska Superior Court Judge Patricia Collins, a jury found Washington guilty of first-degree MICS and 13 of the 18 counts of third-degree MICS. [Tr. 1614-16] *See Judgment and Order of Commitment*, attached as Exhibit E. The jury acquitted Washington of the other five counts of third-degree MICS. *Id.*

*Aaron Washington v. Joe Driver*, No. 1:11-cv-0016-TMB
Page 3

Washington appealed. *See Memorandum Opinion & Judgment*, attached as Exhibit F (cited as *Washington v. State*, No. A-10359, 2011 WL 2090174 (Alaska App. May 25, 2011) (unpublished)). Washington challenged two aspects of his trial. First, he argued that there was insufficient evidence to support his CCE conviction. *See Opening Brief of Appellant*, attached as Exhibit G, at 30-34; *Brief of Appellee*, attached as Exhibit H, at 42-56. Washington also urged the state appeals court to adopt standards defining the terms used in the relatively new state CCE statute. *See Reply Brief*, attached as Exhibit I, at 6-10. Second, Washington argued that the state violated his due process right to a fair trial and the Sixth Amendment when it refused to grant immunity to defense witnesses. *See Exhibit G*, at 16-27; *Exhibit H*, at 21-42; *Exhibit I*, at 15-21.

After examining the evidence, viewed in the light most favorable to affirming the conviction, the Alaska Court of Appeals held that the evidence was sufficient to support the CCE conviction. *Washington*, 2011 WL 2090174 at *1-2. But the court did not provide a detailed discussion of the state CCE statute, as Washington had requested. *Id.* The court also rejected Washington's argument on the immunity issue. The court held that Washington had not shown that "the trial would be fundamentally unfair without the witness's testimony—that the proposed witness would provide 'crucial, verdict-altering evidence.'" *Washington*, 2011 WL 2090174 at *3 (quoting *Cogdill v. State*, 101 P.3d 632, 636 (Alaska App.

2004)). The court also held that the state had not prompted the defense witnesses to invoke their privilege and that the state's "decision to withhold immunity from Washington's proposed witnesses was *not* motivated by an intent to unfairly manipulate the judicial process." *Id.* at *4 (emphasis in original).

Washington filed a petition for hearing with the Alaska Supreme Court. *See Prayer for Review*, attached as Exhibit J. Washington again raised the witness-immunity issue, but with respect to the CCE conviction, Washington argued only that the court of appeals erred in failing to provide a more detailed analysis of the state CCE statute. *See Exhibit J*, at 1, 5-7. Nowhere in his petition did Washington ask the state supreme court to review the court of appeals' determination that the evidence was sufficient to support the CCE conviction. *Id.* The supreme court denied the petition for hearing. *See Order*, attached as Exhibit K.

<u>Respondent's Response to Washington's Amended Petition</u>

Washington asserts two claims in his amended petition: (1) that the evidence was insufficient to support his CCE conviction and (2) that the state violated due process and the Sixth Amendment when it denied immunity to defense witnesses. *Amended Petition* (Document 10). Neither states a claim upon which habeas relief can be granted under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2254.

*Aaron Washington v. Joe Driver*, No. 1:11-cv-0016-TMB
Page 5

First, with respect to his sufficiency claim, Washington failed to exhaust his state remedies and has procedurally defaulted on that claim. (Respondent is filing a separate motion to dismiss the amended petition based on the failure to exhaust.) Second, to the extent Washington is asking this court to interpret a state statute, that claim rests solely on state law and cannot provide grounds for federal habeas relief. Third, neither of Washington's claims—his sufficiency claim or his witness-immunity claim—can succeed under AEDPA because the state court's decision was not (1) contrary to or an unreasonable application of clearly established federal law or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d).

As noted, respondent is filing a motion to dismiss on the exhaustion issue. Respondent asks that a briefing schedule be set for the parties to brief the issues remaining after the motion to dismiss has been resolved. An evidentiary hearing will be not be necessary under 28 U.S.C. § 2254(e).

A. <u>Sufficiency of the Evidence Supporting The CCE Conviction</u>.

Washington argues that his conviction under the state CCE statute is not supported by sufficient evidence. *Amended Petition* (Document 10) at 5-12. This claim fails for three reasons.

Case 1:11-cv-00016-TMB   Document 13   Filed 03/05/12   Page 6 of 17

1.  *Washington failed to exhaust state remedies.*

Under 28 U.S.C. § 2254(b)(1)(A), habeas relief may not be granted unless the petitioner demonstrates that he "has exhausted the remedies available in the courts of the State." To satisfy this requirement, a petitioner must "fairly present" his claim in state court, including the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004); *Zichko v. Idaho*, 247 F.3d 1015, 1022 (9th Cir. 2001).

As set out in respondent's motion to dismiss, Washington failed to exhaust his state remedies with respect to his sufficiency claim because he did not raise the issue in his petition for hearing filed with the Alaska Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-48, 119 S.Ct. 1728, 1732-34 (1999) (petitioner's failure to raise issues in a petition for discretionary review filed with state supreme court as part of two-tier appellate process constituted procedural default precluding federal habeas relief); *Galvan v. Alaska Dep't of Corrections*, 397 F.3d 1198, 1201-02 (9th Cir. 2005) (same). Therefore, this claim must be dismissed.

2.  *Washington is raising an issue of state law.*

Washington's amended petition relies heavily on the federal courts' interpretation of the federal CCE statute. *Amended Petition* (Document 10), at 8-9, 11. In effect, Washington disagrees with the Alaska Court of Appeals'

Case 1:11-cv-00016-TMB   Document 13   Filed 03/05/12   Page 7 of 17

interpretation of Alaska's CCE statute and asks this court to interpret that state law in a manner consistent with federal courts' interpretation of the federal CCE statute. But it is not the role of federal habeas courts to interpret state law, and federal habeas relief is not available to correct state-law errors. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991) (emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004) (same). For the purposes of federal habeas relief, Washington—and this court—must accept the state court's interpretation of the state CCE law. *See Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679 (1983). To the extent that Washington is merely challenging the interpretation of state law, his amended petition must be rejected.

    3.    *The state court's decision is not an unreasonable application of*
            *<u>Jackson</u> sufficiency standard.*

        Sufficiency-of-the-evidence claims are subject to two levels of deference when reviewed in the context of a federal habeas action under 28 U.S.C. § 2254. The applicable standard for sufficiency claims is set out in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, (1979), *overruled on other grounds by Schlup v. Delo*, 513 U.S. 298 (1995):

        whether, after viewing the evidence in the light most
        favorable to the prosecution, *any* rational trier of fact could

*Aaron Washington v. Joe Driver*, No. 1:11-cv-0016-TMB
Page 8

have found the essential elements of the crime beyond a reasonable doubt.

*Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. The Court cautioned that "this inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2789 (quoting *Woodby v. INS*, 385 U.S. 276, 282, 87 S.Ct. 483, 486 (1966) (emphasis added by *Jackson* Court)). Instead, *Jackson* imposes a heavy burden on the habeas petitioner to prove that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 324, 99 S.Ct. at 2791-92.

That burden is heightened by 28 U.S.C. § 2254(d). Under AEDPA, constitutional sufficiency review is "sharply limited." *Juan H. v. Allen*, 408 F.3d 1262 (9th Cir. 2005). The relevant inquiry is whether the state court's sufficiency ruling was an "unreasonable application of" *Jackson* to the facts of a particular case. *Juan H.*, 408 F.3d at 1274-75. *See also Sarausad v. Porter*, 479 F.3d 671, 677 (9th Cir. 2007), *rev'd on other grounds*, 555 U.S. 179, 129 S.Ct. 823 (2009) ("Under 28 U.S.C. § 2254 (d)(1), we inquire whether a state court determination that the evidence was sufficient to support a conviction was an 'objectively unreasonable' application of *Jackson*.").

Alaska's sufficiency standard is virtually identical to the *Jackson* standard:

*Aaron Washington v. Joe Driver*, No. 1:11-cv-0016-TMB
Page 9

> In determining the sufficiency of the evidence to support a conviction, this court evaluates the evidence and the inferences therefrom in the light most favorable to the state. *Bush v. State*, 397 P.2d 616, 618 (Alaska 1964); *Alam v. State*, 776 P.2d 345, 347 (Alaska App. 1989). The evidence is sufficient if it supports "a conclusion by a reasonable mind that there was no reasonable doubt about the defendant's guilt." *Alam*, 776 P.2d at 347; *Ratliff v. State*, 798 P.2d 1288, 1290 (Alaska App. 1990).

*State v. McDonald*, 872 P.2d 627, 652 (Alaska App. 1994). *See also Esmailka v. State*, 740 P.2d 466, 470 (Alaska App. 1987) ("The Alaska rule regarding sufficiency of the evidence is also consistent with the United States Constitution as interpreted in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).").

And there is no basis on which this court could conclude that the court's application of that standard in this case was objectively unreasonable. In fact, the evidence of Washington's guilt was overwhelming. As will be discussed in far more detail in the state's brief on the merits, five women testified that Washington "organized, supervised, or otherwise managed" their actions as drug couriers: Tanya Brown Williams, Janelle Nelson, Laura Johnson, Sue Dougherty, and Harriet Hotch. Each of these five women testified that Washington, or Tanya Brown Williams at Washington's direction, organized, supervised, or managed their actions as drug couriers. Washington decided when and where they would go and provided the drugs that they carried back to

Juneau. And Washington, or Tanya Brown Williams at his direction, handled the travel and financial arrangements. His control of these activities qualifies as organization, supervision, or management. Based on this evidence, a reasonable trier of fact could find Washington guilty beyond a reasonable doubt. Therefore, the state court's ruling to that effect was not an objectively unreasonable application of the *Jackson* standard.

B.    <u>Denial Of Immunity To Defense Witnesses</u>.

Washington argues that the state's refusal to grant immunity to several defense witnesses violated the Sixth Amendment and his due-process right to a fair trial. *Amended Petition* (Document 10), at 12-19. This argument fails because he cannot establish that the state court's decision violated or was an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts based on the record.

1.    *The state court decision did not violate nor was it an unreasonable application of clearly established federal law.*

In rejecting Washington's witness-immunity argument, the state court of appeals considered the two factors it had previously identified in *Cogdill v. State*, 101 P.3d 632 (Alaska App. 2004), for judging such claims:

> (1) the absent witness's testimony had "crucial exculpatory value", and (2) the district attorney's office "was inextricably involved in the circumstances that led [this witness] to invoke her privilege not to testify."

*Cogdill*, 101 P.3d at 635. As will be discussed in more detail in respondent's brief on the merits, Washington did not prove either of the *Cogdill* factors. First, the proposed testimony had little, if any, exculpatory value; it was offered solely for impeachment purposes and was largely cumulative of other evidence. Second, the state had valid reasons for declining to grant the proposed witnesses immunity. The state had no control over these witnesses and knew little about what they might say while on the stand (beyond the vague proffers by the defense attorneys). Any of these witnesses could have taken responsibility for the entire enterprise, in which case, whether the testimony was true or false, the witness would have been immune from prosecution—under the broad grant of transactional immunity required in Alaska—while dealing a severe blow to the prosecution of Washington.

In response, Washington argues that the state court should have applied the much less stringent standard adopted by the Ninth Circuit in *Williams v. Woodford*, 384 F.3d 567, 600 (9th Cir. 2004) (a pre-AEDPA case) and *United States v. Straub*, 538 F.3d 1147 (9th Cir. 2008) (a direct appeal from a federal prosecution, to which AEDPA does not apply). Under those cases, the prosecution's refusal to grant immunity to a defense witness violates due process if (1) the witness's testimony would have been relevant, and (2) the prosecution refused to grant the witness use immunity with the deliberate intention of

distorting the fact-finding process. *Williams*, 384 F.3d at 600. Unlike the Alaska standard, the first prong requires only minimal relevance. *Id.* Similarly, in contrast to the Alaska standard, the Ninth Circuit has interpreted the second prong to require only that "the prosecution granted immunity to a government witness in order to obtain that witness's testimony, but denied immunity to a defense witness whose testimony would have directly contradicted that of the government witness." *Id.* Washington's reliance on *Woodford* and *Straub* fails for two reasons.

First, the standard adopted in *Woodford* and *Straub* does not qualify as clearly established federal law. Under § 2254(d)(1), a habeas petitioner must identify "clearly established Federal law." *See* 28 U.S.C. § 2254(d)(1). To qualify, the federal law must be "clearly established" not by lower federal courts, but by the Supreme Court. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23, 129 S.Ct. 1411, 1419 (2009). And it must be set forth in the Court's holdings, not merely in *dicta. Carey v. Musladin*, 549 U.S. 70, 74-77, 127 S.Ct. 649, 653-54 (2006).

In the present case, Washington cites no Supreme Court authority establishing a standard for judging when a state or federal prosecutor must grant immunity to defense witnesses or face dismissal of its prosecution. Instead, he cites two Ninth Circuit cases to support the legal standard that he believes should be applied here: *Straub* and *Woodford. Amended Petition*

(Document 10), at 15-18. Neither of these cases cited any Supreme Court decisions for the standard adopted by the Ninth Circuit. *Straub*, 538 F.3d at 1156-57; *Woodford*, 384 F.3d at 600.

Second, the standard adopted in *Woodford* and *Straub* does not apply here because there is a fundamental difference between state and federal law relating to witness immunity. In *Straub*, the Ninth Circuit repeatedly refers to the compelled grant of *use* immunity – *i.e.*, the more limited form of immunity that allows prosecution of the witness based on independent evidence. *Straub*, 538 F.3d at 1156-66. Prior to 1993, Alaska, like federal courts, recognized use immunity. *State v. Gonzalez*, 853 P.2d 526, 528 (Alaska 1993). But in 1993, the Alaska Supreme Court rejected use immunity, holding that this more limited form of immunity infringes to an unconstitutional degree on a witness's state constitutional privilege against self-incrimination. *Gonzalez*, 853 P.2d at 530-33. With the demise of use immunity, the state may only grant transactional immunity, which bars any prosecution of the witness to whom it is granted for any crimes to which the witness testifies, even if there is independent evidence of those crimes to support a prosecution. *Id.* at 528.

This is a fundamental difference between state and federal law. The inability to prosecute a witness, even when independent evidence proves the witness's guilt, is game-changing because it dramatically increases the state's

interest in declining to grant immunity. The minimal-relevancy requirement and the effects-based test adopted in *Straub* are inadequate to address that interest.

2. *The state court did not rely on an unreasonable determination of the facts based on the state trial court record.*

Washington may also be challenging as objectively unreasonable the factual findings upon which the trial court's and court of appeals' rulings concerning witness immunity were based. *See* 28 U.S.C. § 2254(d)(2). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). "Even if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . . . determination.'" *Wood*, 130 S.Ct. at 849 (quoting *Rice v. Collins*, 546 U.S. 333, 341-42, 126 S.Ct. 969, 976 (2006) (alterations in *Wood*)).

Here, the state trial court found that the testimony of the proposed defense witnesses related primarily to impeachment and thus was neither crucial nor exculpatory. [Tr. 1438-41] The judge further found that the state had not unfairly manipulated the situation. [Tr. 1441] Although opining that the state's reasons for denying immunity were not "particularly strong," the trial judge agreed that there were valid policy reasons supporting the state's decision. [Tr. 1442-43] The judge concluded "that the state's refusal to grant immunity to

Case 1:11-cv-00016-TMB   Document 13   Filed 03/05/12   Page 15 of 17

these witnesses does not warrant dismissal of the charges." [Tr. 1444] The state court of appeals affirmed these factual determinations. *Washington*, 2011 WL 2090174 at *4.

In its future briefing on the merits, the state will set forth in detail the evidence that supported these factual findings. In summary, based on the defense proffer concerning the likely testimony of the defense witnesses, it was clear that the testimony was offered solely for purposes of impeachment and was largely, if not entirely, cumulative of evidence already presented through the cross-examination of the state's witnesses. In addition, the state's concern that one or more of these witnesses would attempt, falsely, to take responsibility for the entire criminal enterprise, thereby damaging the state's prosecution against Washington and barring prosecution of the witness who claimed responsibility for the offense, was compelling and fully justified the denial of immunity.

## Conclusion

For the foregoing reasons, Washington's amended petition for writ of habeas corpus should be denied. As noted earlier, the respondent asks this court to set a briefing schedule, upon resolution of the respondent's motion to dismiss, for the parties to brief the remaining issues. No evidentiary hearing will be necessary under 28 U.S.C. § 2254(e).

DATED this 5th day of March, 2012.

MICHAEL C. GERAGHTY
ATTORNEY GENERAL

s/ Diane L. Wendlandt
   Assistant Attorney General
   State of Alaska, Dept. of Law
   Office of Special Prosecutions and Appeals
   310 K St., Suite 308
   Anchorage, Alaska 99501
   Telephone: (907) 269-6250
   Facsimile: (907) 269-6270
   Email: diane.wendlandt@alaska.gov

### Certificate of Service

I certify that on March 5, 2012, a copy of the foregoing Response to Amended Petition for Writ of Habeas Corpus and Exhibits A-K were served electronically on Linda A. Webb.

s/ Diane L. Wendlandt