Diane L. Wendlandt
Assistant Attorney General
Office of Special Prosecutions and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: diane.wendlandt@alaska.gov

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| AARON WASHINGTON,<br><br>            Petitioner,<br><br>vs.<br><br>JOE DRIVER,<br><br>           Respondent. | Case No. 1:11-cv-00016-TMB<br><br>RESPONDENT'S MOTION TO DISMISS CLAIM FOR FAILURE TO EXHAUST STATE REMEDIES |

On December 5, 2011, Aaron Washington filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus* (Document 1). Washington's appointed counsel subsequently filed an amended petition on his behalf. *See Brief in Support of Amended 28 U.S.C. § 2254 Petition* (Document 10) ("Amended Petition"). In his amended petition, Washington challenges his state-court convictions for 14 drug offenses, including a conviction under the state's continuing-

*Aaron Washington v. Joe Driver*, No. 1:11-cv-0016-TMB
Page 1
Case 1:11-cv-00016-TMB   Document 14   Filed 03/05/12   Page 1 of 9

criminal-enterprise ("CCE") statute. He claims that (1) there is insufficient evidence to support his conviction under the CCE statute and (2) the state's refusal to grant immunity to defense witnesses at trial violated due process and the Sixth Amendment. *See Amended Petition* (Document 10).

As explained below, Washington's first claim—the sufficiency of the evidence to support the CCE conviction—must be dismissed because Washington failed to fairly present that claim to the state courts. That is, he did not exhaust his state court remedies with respect to that claim, and he is now barred by state procedural rules from pursuing it in state court. As a result, federal habeas relief is precluded with respect to that claim.

Factual Background

Aaron Washington moved to Juneau from New York City in 2006, ostensibly for the purpose of setting up a clothing store. [Tr. 312 (A copy of the trial transcript is attached as Exhibit A. It will be cited by transcript page number.)] *See also Defendant Aaron Washington's Sentencing Memorandum*, attached as Exhibit B, at 1, 3. In Juneau, he renewed his friendship with Vonnie Williams, whom he had known in college. *See Exhibit B*, at 3. Williams was a cocaine dealer with a network of persons who sold and transported cocaine for him. [Tr. 109-21, 125-26, 142, 149-50, 188-200, 264-65, 268-70, 341-58, 570-89, 640-65, 708-22, 772-93, 884-95]

*Aaron Washington v. Joe Driver*, No. 1:11-cv-0016-TMB
Page 2
Case 1:11-cv-00016-TMB   Document 14   Filed 03/05/12   Page 2 of 9

After Washington arrived in Juneau, the amount of cocaine flowing into Juneau increased noticeably. [Tr. 202-03, 312, 314] Using his connections outside of Alaska, Washington became the wholesale supplier of cocaine for Williams' retail operation. [Tr. 634, 1034-37, 1163] Washington (either directly or through a person acting at his direction) arranged for a series of women—including Tanya Brown Williams, Janelle Nelson, Geralyn (Sue) Dougherty, Laura Johnson, and Harriet Hotch—to act as drug couriers. [Tr. 234-52, 359-62, 443-48, 783-93, 809-14, 879-95, 967-1005] Over the course of a year and a half, these women transported nearly 6,700 grams of cocaine with a street-value of nearly $670,000 into Juneau from outside of Alaska. *See Power Point Presentation at Sentencing*, attached as Exhibit C. According to these women, Washington (either directly or through Tanya Brown Williams) arranged for and financed these trips. [Tr. 204-05, 235-46, 285-86, 359-61, 419-20, 502, 504-06, 559-60, 783-86, 788-90, 807-08, 811-12, 870-71, 884-86, 892, 918, 1159-60]

In February 2008, Tanya Brown Williams informed state law enforcement officers of Washington's activities. [Tr. 82-83, 324-25, 1133-35] Washington was arrested and charged with 18 counts of aiding and abetting third-degree misconduct involving a controlled substance ("MICS") based on his assisting the women who acted as his drug couriers. *See Indictment*,

*Aaron Washington v. Joe Driver*, No. 1:11-cv-0016-TMB
Page 3
Case 1:11-cv-00016-TMB   Document 14   Filed 03/05/12   Page 3 of 9

attached as Exhibit D, at 8-13. He was also charged with one count of first-degree MICS based on his actions in organizing, supervising, and managing at least five persons in a continuing criminal enterprise. *Id.* at 14.

Williams was charged with similar offenses, and the two men were tried together. [Tr. 2-1604] After a two-and-a-half week trial held before Superior Court Judge Patricia Collins, a jury found Washington guilty of first-degree MICS and 13 of the 18 counts of third-degree MICS. [Tr. 1614-16] *See Judgment and Order of Commitment*, attached as Exhibit E. The jury acquitted Washington of the other five counts of third-degree MICS. [*Id.*]

Washington appealed. *See Memorandum Opinion & Judgment*, attached as Exhibit F (cited as *Washington v. State*, No. A-10359, 2011 WL 2090174 (Alaska App. May 25, 2011) (unpublished)). With respect to the CCE conviction, Washington argued that there was insufficient evidence to support the conviction. *See Opening Brief of Appellant*, attached as Exhibit G, at 30-34; *Brief of Appellee*, attached as Exhibit H, at 42-56. Washington also urged the appellate court to adopt standards defining the terms used in the relatively new CCE statute. *See Reply Brief*, attached as Exhibit I, at 6-10. After carefully examining the evidence presented at trial, viewed in the light most favorable to affirming the conviction, the Alaska Court of Appeals held that the evidence was sufficient to support Washington's CCE conviction.

*Aaron Washington v. Joe Driver*, No. 1:11-cv-0016-TMB
Page 4
Case 1:11-cv-00016-TMB   Document 14   Filed 03/05/12   Page 4 of 9

*Washington*, 2011 WL 2090174 at *1-2. The court did not provide a detailed discussion of the state CCE statute, relying instead on the common meaning of the words used in the statute. *Id.*

Washington filed a petition for hearing with the Alaska Supreme Court. *See Prayer for Review*, attached as Exhibit J. With respect to the CCE conviction, Washington argued only that the court of appeals erred in failing to provide a more detailed analysis of the state CCE statute. *See Exhibit J*, at 1, 5-7. Nowhere in his petition did Washington ask the state supreme court to review the court of appeals' determination that the evidence was sufficient to support the CCE conviction under that court's reading of the CCE statute. *Id.* The supreme court denied the petition for hearing. *See Order*, attached as Exhibit K.

In his amended habeas petition, Washington has dropped his challenge to the court of appeals' interpretation of the state CCE statute and renews his sufficiency-of-the-evidence claim. *See Amended Petition* (Document 10), at 5-12.

ARGUMENT

Under 28 U.S.C. § 2254(b)(1)(A), habeas relief may not be granted unless the petitioner demonstrates that he "has exhausted the remedies available in the courts of the State." To satisfy this requirement, a

*Aaron Washington v. Joe Driver*, No. 1:11-cv-0016-TMB
Page 5
Case 1:11-cv-00016-TMB   Document 14   Filed 03/05/12   Page 5 of 9

petitioner must "fairly present" his claim in state court, including the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004); *Zichko v. Idaho*, 247 F.3d 1015, 1022 (9th Cir. 2001).

A petitioner may not avoid the exhaustion requirement merely by letting the time run on his state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 1734 (1999); *Edwards v. Carpenter*, 529 U.S. 446, 452-53, 120 S.Ct. 1587, 1592 (2000). To protect the integrity of the federal exhaustion rule, this court must ask "not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." *O'Sullivan*, 526 U.S. at 848, 119 S.Ct. at 1734. "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555 (1991). A petitioner may avoid the effect of his procedural default only if he can show cause for his state-court default and prejudice resulting from that default. *Edwards*, 529 U.S. at 451, 120 S.Ct. at 1591.

In his amended habeas petition, Washington asserts that the evidence presented at trial was not sufficient to support his CCE conviction.

*Aaron Washington v. Joe Driver*, No. 1:11-cv-0016-TMB
Page 6
Case 1:11-cv-00016-TMB   Document 14   Filed 03/05/12   Page 6 of 9

*See Amended Petition* (Document 10), at 5-12. Although he raised this issue in the state court of appeals, he did not raise it in the state supreme court. In the state supreme court, he challenged only the court of appeals' failure to provide a more detailed analysis of the CCE statute. *See Exhibit J*, at 1, 5-7. Therefore, this claim is procedurally defaulted and may not be considered as a ground for federal habeas relief. *See O'Sullivan*, 526 U.S. at 844-48, 119 S.Ct. at 1732-34 (petitioner's failure to raise issues in a petition for discretionary review filed with state supreme court as part of two-tier appellate process constituted procedural default precluding federal habeas relief); *Galvan v. Alaska Dep't of Corrections*, 397 F.3d 1198, 1201-02 (9th Cir. 2005) (same).

Under state law, Washington is now procedurally barred from challenging the sufficiency of the evidence supporting the CCE conviction. The time for filing a direct appeal from his 2008 conviction has long since passed. *See* Alaska R. App. P. 204(a)(1) (requiring that a notice of appeal be filed "within 30 days from the date shown in the clerk's certificate of distribution on the judgment appealed from"). And state post-conviction relief is similarly unavailable to Washington. State law prohibits a defendant from asserting in a post-conviction proceeding a claim that "was, or could have been but was not, raised in a direct appeal from the proceeding that resulted

*Aaron Washington v. Joe Driver*, No. 1:11-cv-0016-TMB
Page 7

in the conviction." AS 12.72.020(a)(2). Because sufficiency of the evidence is a claim that was or could have been raised in Washington's direct appeal, he may not raise that claim in an action for post-conviction relief.

## Conclusion

Because Washington failed to fairly present to the state courts his claim that the evidence was insufficient to support his conviction under the state continuing-criminal-enterprise statute, that claim is barred by his failure to exhaust his state-court remedies, as required by 28 U.S.C. 2254(b)(1)(A), and is now procedurally defaulted. For this reason, this claim must be dismissed.

DATED this 5th day of March, 2012.

MICHAEL C. GERAGHTY
ATTORNEY GENERAL

s/ Diane L. Wendlandt
Assistant Attorney General
Office of Special Prosecutions
   and Appeals
310 K Street, Suite 308
Anchorage, AK  99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: diane.wendlandt@alaska.gov

*Aaron Washington v. Joe Driver*, No. 1:11-cv-0016-TMB
Page 8
Case 1:11-cv-00016-TMB   Document 14   Filed 03/05/12   Page 8 of 9

## Certificate of Service

I certify that on March 5, 2012, a copy of the foregoing Respondent's Motion to Dismiss Claim for Failure to Exhaust State Remedies and Exhibits A-K were served electronically on Linda A. Webb.

<u>s/ Diane L. Wendlandt</u>