IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AARON WASHINGTON,<br><br>   Petitioner,<br><br>v.<br><br>JOE DRIVER,<br><br>   Respondent. | )<br>)<br>)<br>) Case No. 1:11-cv-000016- TMB-LCL<br>)<br>)<br>) REPORT AND RECOMMENDATION ON<br>) MOTION TO DISMISS CLAIM FOR<br>) FAILURE TO EXHAUST STATE<br>) REMEDIES [DOCKET 14]<br>)<br>) |

## I. MOTION PRESENTED

At Docket 14, Respondent Joe Driver requests that this court dismiss one of two claims in Petitioner Aaron Washington's Petition for Habeas Corpus [Dkt. 1] and Amended 28 U.S.C. § 2254 Petition [Dkt. 10]. Mr. Driver argues that Mr. Washington failed to exhaust state remedies before raising the claim. Mr. Washington opposes the motion, contending that Mr. Driver's argument depends on an overly narrow reading of the Alaska Supreme Court appeal [Dkt. 19].

## II. FACTS

The facts as set out herein are derived from the parties' submissions, including exhibits [Dkt. 14, 19, and 21].

In 2008, a jury convicted Aaron Washington in State of Alaska Superior Court of first- and third-degree misconduct involving a controlled substance (MICS). Mr. Washington was sentenced to prison. He appealed to the Alaska Court of Appeals, arguing, *inter alia*, that the State had presented insufficient evidence to support his conviction of first-degree MICS, which was based on his actions in organizing, supervising, and managing at least five persons in a continuing criminal enterprise. The Court of Appeals, finding sufficient evidence, upheld the conviction.

In July 2011, Mr. Washington sought review by the Alaska Supreme Court [Dkt. 14-31]. His Prayer for Review raised two issues; the first, which is the subject of the present motion, asked whether the Court of Appeals "erred when it ignored the issue of a void of case law on what it means to 'organize, supervise or other[wise] manage' for purposes of a criminal enterprise and failed to define this section under Alaska law." [Dkt. 14-31, p. 1.] The Alaska Supreme Court denied the petition for a hearing. [Dkt. 14-32.]

Mr. Washington next brought a Petition for Habeas Corpus [Dkt. 1], which he later amended [Dkt. 10]. The Amended Petition argues that the Court of Appeals erred in ruling the evidence sufficient to support the conviction for first-degree MCIS [Dkt. 10, pp. 5-12].

Mr. Driver has moved to dismiss the sufficiency-of-the-evidence claim, arguing that Mr. Washington did not exhaust state remedies. The claim, Mr. Driver argues, was not before the Supreme Court, and therefore did not meet the habeas corpus threshold of having been fairly presented to the state courts. Mr. Washington maintains that "[s]ufficiency of evidence is interwoven" in his first issue in the Supreme Court Petition for Review [Dkt. 19, p. 3], and so he exhausted state remedies before petitioning for habeas corpus.

### III. ANALYSIS

**Petitioner did not exhaust the sufficiency-of-the-evidence claim in state court.**

Before a petitioner in state custody may obtain habeas relief, he must demonstrate that he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Here, Mr. Washington raised an issue in the Court of Appeals that he did not specifically include when he petitioned to the state's highest court. He then included the issue in his Amended 28 U.S.C. § 2254 Petition. Mr. Washington implicitly concedes the prerequisite of raising the issue in all courts below [Dkt. 19]. The question, then, is whether the Petition for Review to the Supreme Court adequately preserved the sufficiency-of-the-evidence argument, making it viable in the habeas petition.

Exhaustion of state remedies means, in part, that the petitioner must "fairly present" the claim to the state's highest court, giving the state courts the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted).

Mr. Washington cites no case law to support his argument that sufficiency of the evidence is "interwoven" in his Supreme Court petition point that requests clarity in the definition of the elements of a continuing criminal enterprise in Alaska [Dkt. 19, p. 3], and so he has exhausted state court remedies. In fact, such an implied argument does not meet the legal standard for exhaustion. In *Rose v. Palmateer*, 395 F.3d 1108 (9th Cir. 2005), *cert. denied*, 125 S.Ct. 2971, the court considered a habeas petitioner's similar argument, that although he did not explicitly raise certain claims in the Oregon courts, he "indirectly" raised them through other claims. The Ninth Circuit wrote:

> Furthermore, petitioners must plead their claims with considerable specificity before the state courts in order to satisfy the exhaustion requirement. *See, e.g., Duncan v. Henry*, 513 U.S. 364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) ("[M]ere similarity of claims is insufficient to exhaust"); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), as modified by 247 F.3d 904 (9th Cir. 2001) ("[A] petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is 'self-evident' or the underlying claim would be decided under state law on the same

considerations that would control resolution of the claim on federal grounds." (internal citations omitted)); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court").

In addition to requiring specificity in pleading the federal nature of a claim, we also require a petitioner to articulate the substance of an alleged violation with some particularity. In *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), we held that although the petitioner had exhausted a claim of ineffective assistance based on counsel's failure to object to several instances of alleged prosecutorial misconduct, the petitioner had not exhausted a related ineffective assistance claim that was premised on counsel's failure to file a motion to recuse the prosecutor based on that same misconduct. *Id.* at 1068 n. 2. We held that "it was incumbent upon Petitioner to set forth the alleged failure to file a motion to recuse as an independent constitutional claim in order to give the California Supreme Court a 'full and fair opportunity' to act upon it, rather than hope that the court would infer this Sixth Amendment claim from the related failure to object." *Id.*

*See also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (issue not fairly presented in state court where petitioner/appellant did not set out the issue specifically).

In appealing to the Alaska Supreme Court, Mr. Washington did not "fairly present" the claim that the prosecution presented insufficient evidence, in the trial court, to convict him of first-degree misconduct involving a controlled substance.

### III. CONCLUSION

Based on well-established law that requires a petitioner to have fairly presented all issues in state court that he wishes the federal court to consider

in his habeas corpus petition, this court respectfully recommends that Mr. Driver's Motion to Dismiss Claim for Failure to Exhaust State Remedies be

GRANTED.

Dated this 27th day of March, 2013.

                                              s/LESLIE LONGENBAUGH
                                        UNITED STATES MAGISTRATE JUDGE